IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ADASA INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 2:24-cv-08409-JKS-JRA |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| CCL Industries Inc. | § | |
| (d/b/a Checkpoint Systems, Inc.), | § | |
| | § | |
| Defendants | § | |
| | § | |

**BRIEF IN SUPPORT OF PLAINTIFF'S UNOPPOSED
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT
AND TO SUBSTITUTE PARTIES**

COMES NOW, Plaintiff ADASA INC. ("Plaintiff" or "ADASA") and submits this brief

in support of its motion for leave to file an amended complaint and simultaneously substitute

Checkpoint Systems, Inc. ("Checkpoint") for the current Defendant CCL Industries Inc. ("CCL")

in said amended complaint. Leave to amend should be "freely given" unless the Court finds "undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of

amendment." *See e.g. Arthur v. Maersk, Inc.,* 434 F.3d 196, 202 (3d Cir. 2006) (quoting Fed. R.

Civ. P. 15(a)). Since none of these exceptions apply here, and in light of the liberal standard of

amendment provided by the Federal Rules of Civil Procedure, ADASA's motion for leave to file

its amended complaint and to substitute parties should be granted. Neither the current Defendant,

CCL, nor the proposed Defendant, Checkpoint, oppose this motion.

## I.  BACKGROUND

On August 12, 2024, ADASA brought this action for patent infringement by Defendant CCL Industries Inc. (d/b/a Checkpoint Systems, Inc.) of U.S. Patent No. 9,798,967. On December 18, 2024, CCL filed a 12(b)(6) motion to dismiss, stating that CCL was not a proper party to the case and instead identifying Checkpoint.

After the filing of ADASA's response to CCL's motion, counsel for the parties conferred regarding the corporate structure of the current Defendant. In response to the issues raised in Defendant's 12(b)(6) motion, Defendant provided a declaration from an officer of CCL describing the corporate structure and formalities of CCL's operation. In doing so, CCL provided sworn testimony that ultimately identifies Checkpoint as the proper defendant for ADASA's complaints.

More specifically, since filing suit, Plaintiff has learned via this sworn testimony that Checkpoint is a separate legal entity from CCL with its own officers and operations, and CCL does not design, manufacture, distribute, use, or sell RFID tags or related products and services in the United States. Exh. A. Such RFID-related business and operations are conducted by its "business segment" and subsidiary, Checkpoint Systems, Inc.

Checkpoint is a corporation organized and existing under the laws of the state of Pennsylvania, with principal places of business in Thorofare New Jersey. Based on representations now made by CCL's leadership, Checkpoint is a wholly owned subsidiary of CCL.[1] Given these new facts, all parties involved desire to substitute CCL for Checkpoint in the instant litigation and thus move accordingly for leave for Plaintiff to file its first amended complaint. All parties agree

---

[1] The undersigned counsel for CCL will continue as counsel of record in this case representing Checkpoint upon substitution, and are signatories to this joint motion in that capacity. Upon Checkpoint being added as the named Defendant in this litigation, ADASA agrees to voluntarily dismiss without prejudice its claims against CCL as presented in its First Amended Complaint.  Exh. B.

this substitution will fully resolve CCL's current 12(b)(6) motion and thus moot any requested relief therein.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that courts "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (stating that leave to amend must be given freely and is "liberally granted"); *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 887 (3d Cir. 1992) (stating that the liberal construction of Rule 15(a) flows from the liberal approach to amendments to pleadings).  Indeed, this Court has found that "[t]he Third Circuit has shown a strong liberality in allowing amendments under Rule 15(a). This approach ensures that a particular claim will be decided on the merits rather than on technicalities. *RX Releaf LLC v. Relief TMS LLC*, 2024 U.S. Dist. LEXIS 214947, at *11 (D.N.J. Nov. 26, 2024).

Relevant precedent makes clear that the standard for denying a request to amend under Rule 15(a) is significant and appropriate only where there is a finding of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment." *Fraser v. Nationwide Mut. Ins. Co.,* 352 F.3d 107, 116 (3d Cir. 2003); *RX Releaf,* 2024 U.S. Dist. LEXIS 214947, at *11. As further explained below, none of these factors are present here. ADASA should therefore be permitted to file its amended complaint.

## III.  ARGUMENT

ADASA's motion to amend should be granted because Federal Rule of Procedure 15(a) provides that leave to amend should be "freely given," and none of the *Foman* exceptions to this

Rule are applicable here. Likewise, all parties agree that such an amendment is not only unopposed but also would highly promote efficiency for this Court by resolving the current motion to dismiss.

Regarding the *Foman* factors, Plaintiff has not shown any undue delay, bad faith, or dilatory motive in seeking to amend its Complaint. This case is still at its outset because Defendant elected to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) in lieu of submitting a responsive pleading. Accordingly, the Court has not set an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16, and the parties have not yet initiated any discovery. *See Closeout Surplus & Salvage CSS, Inc. v. Sears Outlet Stores, LLC*, 2017 WL 3448108, at *2 (D.N.J. Aug. 10, 2017) (finding "no undue delay, dilatory conduct, or bad faith in Plaintiff's attempt to amend the complaint" given that "the parties are not yet engaged in initial discovery and the amendment will not delay bringing the case to trial."). In its response to CCL's motion to dismiss, Plaintiff promptly sought leave to amend its complaint to add Checkpoint at that time. *See* Dkt. No. 28 at 8-10. In subsequent discussions with counsel following the filing of Plaintiff's response, counsel for both CCL and Checkpoint identified that they did not oppose such an amendment and that doing so would not constitute any improper delay, bad faith, or dilatory motive. Exh. B.

Further, neither the current Defendant, nor Checkpoint, will be prejudiced if Plaintiff is permitted leave to file its amended complaint. Both CCL and Checkpoint have consented to this substitution of parties and have suggested the same procedure on behalf of both entities. Exh. B. The Third Circuit has emphasized that while prejudice to the non-moving party is the touchstone of the denial of an amendment, the non-moving party cannot merely claim prejudice, but "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered [. . .] had the amendments been timely."

*Closeout Surplus*, 2017 U.S. Dist. LEXIS 128017, at \*7. Neither CCL nor Checkpoint makes any such argument.

Finally, allowing this substitution of parties and amendment of ADASA's complaint promotes judicially efficiency. Current-Defendant CCL's motion to dismiss is currently pending with a hearing date of February 18, 2025. *See* Dkt. No. 30. The parties agree that allowing ADASA's amendment would moot such a motion and resolve the outstanding issues therein and thus negate any need for further Court intervention on the issue. Exh. B.

As such, pursuant to NJ Civ. Rule 15.1 (a)(1) and (2), a clean copy of Plaintiff's proposed First Amended Complaint is attached hereto as Exhibit "C". The exhibits referenced therein are attached hereto as Exhibit "C1." A redlined version of Plaintiff's First Amended Complaint showing the changes from Plaintiff's Original Complaint is attached hereto as Exhibit "D."

## IV. CONCLUSION

For the good cause identified herein, Plaintiff respectfully requests the Court grant its motion and thus enter ADASA's First Amended Complaint in this action and substitute current-Defendant CCL out in exchange for Checkpoint Systems Inc.

Dated: January 29, 2025.                    Respectfully submitted,

                                            */s/ William J. Pinilis*

                                            William J. Pinilis
                                            Pinilis Halpern
                                            160 Morris St.
                                            Morristown, NJ 07960
                                            (973) 401.1111
                                            wpinilis@consumerfraudlawyer.com

                                            Jonathan T. Suder (pro hac vice to be filed)
                                            Glenn S. Orman (pro hac vice to be filed)
                                            Richard A. Wojcio, Jr. (pro hac vice to be filed)
                                            FRIEDMAN, SUDER & COOKE
                                            604 E. 4th Street, Suite 200
                                            Fort Worth, TX  76102
                                            (817) 334-0400
                                            (817) 334-0401 fax
                                            jts@fsclaw.com
                                            orman@fsclaw.com
                                            wojcio@fsclaw.com

                                            **ATTORNEYS FOR PLAINTIFF**
                                            **ADASA INC.**